UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MGUNDA MAJAGA** | : | **DOCKET NO. 2:06-cv-2410**<br>**Section P** |
| **VS.** | : | **JUDGE MINALDI** |
| **IMMIGRATION & CUSTOMS ENFORCEMENT** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed by *pro se* petitioner, Mgunda Majaga, pursuant to 28 U.S.C. §2241. By this petition, petitioner seeks review of his custody status. This matter was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

Petitioner is subject to a removal order which became final on June 19, 2006, and he has been in post-removal-order custody pursuant to INA § 241 since that time. He challenges his detention as indefinite and claims that his removal to Tanzania is not likely to occur in the reasonably foreseeable future.

Based upon the evidence in the record, the undersigned determined that an evidentiary hearing was necessary for the adjudication of this *habeas corpus* petition. An evidentiary hearing was held on May 10, 2007, and the evidence was limited to whether there is a significant likelihood of removing Petitioner in the reasonably foreseeable future, whether the petitioner has been detained beyond what is reasonably necessary to secure his removal, and/or whether petitioner has taken steps to hamper the removal efforts of the United States Immigration & Customs Enforcement.

The evidence establishes that petitioner was born in Tanzania on January 13, 1979 and that

he entered the United States on July 2, 1988 aboard a British Airways flight from the United Kingdom. Petitioner was ordered removed from the United States to Tanzania on June 16, 2006, and he waived his right to appeal this order. He has been in post-removal-order custody since then.

Petitioner has a civil rights action pending in the N.D. Alabama. *See Majaga v. Sgt. Reeves & Officer Patterson*, 4:06-cv-1473 (ND Ala.). According to testimony from petitioner's deportation officer, Sandra D. Strother, in December, 2006, the Tanzanian Embassy informed her that it is awaiting the outcome of this lawsuit before issuing a travel document for petitioner. At the evidentiary hearing, a Report and Recommendation recently issued by Magistrate Judge Ott in petitioner's Alabama civil action was introduced into evidence. This Report and Recommendation recommends the dismissal of the civil action due to petitioner's failure to exhaust the available administrative remedies. *Id.*, doc. 11. Petitioner testified at the evidentiary hearing that he does not plan to file objections to this Report and Recommendation and that he is ready to be returned to Tanzania or released from custody. Both parties agree that there is no issue regarding petitioner's identity as a citizen and national of Tanzania and that the pending civil action in Alabama is the only impediment to petitioner's removal at this time.

## **LAW AND ANALYSIS**

The issue before the court is whether petitioner's prolonged post-removal-order detention is lawful. The government argues that petitioner's detention is lawful and that petitioner's removal has been delayed because of his court proceedings but that once his case in Alabama is concluded it is very likely that a travel document will be issued for petitioner.

Following an order of removal, the Attorney General is given 90 days to effect the removal of the alien. INA § 241(a)(1). This 90-day period of time is referred to as the removal period.

During this removal period, the alien is subject to detention. INA § 241(a)(2). If the alien is not removed during the removal period, the alien is generally released to supervision. INA § 241(a)(3).

Detention can be extended beyond the 90 day removal period in limited circumstances. INA § 241(a)(6) authorizes the continued detention of certain inadmissible or criminal aliens, such as petitioner, if the Attorney General determines that the alien is a risk to the community or unlikely to comply with the order of removal. Because the Supreme Court concluded that indefinite detention of aliens under the circumstances set forth in § 241(a)(6) would raise serious constitutional concerns, it construed the statute to contain an implicit "reasonable time" limitation. *Zadvydas v. Davis*, 121 S.Ct. 2491, 2495 (2001). The Supreme Court held that in order to be constitutional, detention pursuant to INA §241(a)(6) must be limited to a period of the time reasonably necessary to bring about the alien's removal. *Zadvydas,* 121 S.Ct. at 2498. The Supreme Court went on to recognize six months as a presumptively reasonable period of detention following a final order of removal. *Zadvydas*, 121 S.Ct. at 2504.

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut this showing. And for the detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas,* 121 S.Ct. 2505.

Additionally, an alien may be detained beyond the 90 day removal period pursuant to the statutory authority of INA § 241(a)(1)(C).[1] This statute provides for the suspension of the removal

---

[1] **(C) Suspension of period**
The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in

3

period whenever an alien acts in a manner to prevent his removal. This statute, like § 241(a)(6), does not contain an express limitation on the length of time that an alien may be detained. However, as the Ninth Circuit has observed, INA § 241(a)(1)(C) does not present the same constitutional concerns raised by INA § 241(a)(6) because "the risk of indefinite detention that motivated the Supreme Court's statutory interpretation in *Zadvydas* does not exist when an alien is the cause of his own detention." *Pelich v. Immigration and Naturalization Service*, 329 F.3d 1057, 1060 (9th Cir. 2003). Thus, an alien cannot assert a viable constitutional challenge to his indefinite detention when such detention is due to own actions. *Id.* at 1061.

In *Andrade v. Gonzales,* 459 F.3d 538 (5th cir. 2006), the Fifth Circuit reiterated that the Supreme Court's holding in *Zadvydas* "creates no specific limits on detention"; that "'an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.'"; and that "[t]he alien bears the initial burden of proof in showing that no such likelihood of removal exists." *Andrade*, 459 F.3d at 543, quoting *Zadvydas*, 121 S.Ct. at 2505. In that case, Andrade "offered nothing beyond his conclusory statements suggesting that he [would] not be immediately removed to Cape Verde following the resolution of his appeals," and the Fifth Circuit found his constitutional challenge to his detention to be without merit. *Andrade,* 459 F.3d at 543-544.

In this case, the facts before the court establish that petitioner has been in post-removal-order detention since June 16, 2006, a period greater than six months. However, there is uncontroverted evidence in the record that, unlike the detainees in Zadvydas, petitioner's detention is not potentially permanent and that petitioner is responsible for his own plight. The evidence before the court

---

good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

establishes that Tanzania is not unwilling to issue a travel document for petitioner, it is merely awaiting the conclusion of petitioner's civil rights litigation in Alabama before it does so. While petitioner has a legal right to seek judicial redress, it is apparent that his civil litigation is the cause of his continued detention. Thus, he cannot convincingly argue that there is no significant likelihood of removal in the reasonably foreseeable future. Once petitioner's legal proceedings are concluded, it is likely that he can and will be removed to Tanzania.

Accordingly,

IT IS RECOMMENDED that the petition for writ of *habeas corpus* be DENIED and DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, May 16, 2007.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE